UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Ann Macaluso

PLAINTIFF,

v.                                                    **COMPLAINT**

NYS Department of Corrections, Robin Neal,            Civil Action No.
Deputy Superintendent of Health John A. Shipley,
Director of Labor Relations and Kelly Ahern,
Director of Personnel,

DEFENDANTs.

Plaintiff Ann Macaluso ("Plaintiff" or "Ms. Macaluso") alleges as follows:

### PARTIES

1. The Plaintiff, Ann Macaluso, is a natural person with a place of residence at 59 Britannia Dr., East Amherst, NY 14051.

2. Defendant NYS Department of Corrections ("DOCS"), is public entity with offices located at 3040 Wende Road, Alden NY 14004.

3. Upon information and belief, Defendant Robin Neal is the Deputy Superintendent of Health for Wende Correctional Facility, where the events in the complaint have taken place. She is sued in her individual and official capacity.

4. Upon information and belief, Defendant Kelly Ahern is the Director of Personnel for Wende Correctional Facility, where the events in the complaint have taken place. She is sued in her individual and official capacity.

5. Upon information and belief, Defendant John A. Shipley, is the Director of Labor Relations for Defendant DOCS, where the events in the complaint have taken place. he is sued in his individual and official capacity.

1

**JURISDICTION AND VENUE**

6. The Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and as conferred by 42 U.S.C. §§ 2000e to 2999e-17 (amended 1972, 1978, and by the Civil Rights Act of 1991, Pub. L. No. 102-166), §1983 and §1985.

7. Defendant is subject to the jurisdiction of this Court and venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) as the acts and omissions giving rise to the claims in this complaint occurred within the Western District of New York.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

8. Plaintiff has exhausted administrative remedies prerequisite to bringing this claim as follows:

9. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission (EEOC).  the EEOC assigned a Federal Charge No. 525-2019-00944.

10. Subsequently, the EEOC mailed Plaintiff a 'Right to Sue' letter proving that she has exhausted her administrative remedies under Title VII.

**FACTUAL BACKGROUND**

11. Ms. Macaluso is female.

12. Ms. Macaluso is over the age of 40.

13. Ms. Macaluso at all relevant times was an employee of the State of New York Department of Corrections and Community Supervision.

14. In 2018, Ms. Macaluso was promoted to the position of pharmacy supervisor at the Wende correctional facility.

15. In September 2018, Defendant Neal demanded that Ms. Macaluso grant Defendant Neal and other non-pharmacy officers of the correctional facility access to the controlled substance lockers.

2

16. Ms. Macaluso refused to do this.

17. Ms. Macaluso informed Deborah Green, Director of Pharmacy Services, of Defendant Neal's demand.

18. Ms. Green reiterated the fact that no non-pharmacy personnel are to be allowed access to the controlled substance locker.

19. In January 2019, Defendant Neal, directed Defendant Ahearn, to notify Ms. Macaluso that she was being demoted from that position of pharmacy supervisor back to pharmacist.

20. Defendant Ahearn's letter offered no details or facts to justify the demotion.

21. Ms. Macaluso alleges that her demotion was in retaliation for her refusal to grant Defendant Neal access to the controlled substances locker and for bringing Defendant Nielsen's demand to the attention of Ms. Green was outside of Defendant Neal's chain of command.

22. Ms. Macaluso was replaced as pharmacy supervisor by a male employee.

23. In approximately May 2019, Plaintiff complained to Defendant Neal that she was being discriminated against on the basis of her age and gender.

24. Subsequently, Ms. Macaluso began to be written up for alleged violations of DOCS policies.

25. This culminated in a Notice of Discipline ("NOD") signed by Defendant Shipley on September 9, 2019.

26. This NOD sought termination of Ms. Macaluso's employment.

27. Ms. Macaluso alleges that these 'disciplinary' actions were in fact retaliation for her complaints of discrimination, and also for her refusal to grant Defendant Neal access to the controlled substances locker and for bringing Defendant Neal's demand to the attention of Ms. Green who was outside of Defendant Neal's chain of command.

## FIRST CAUSE OF ACTION

### Discrimination in Violation of Title VII of the Civil Rights Act of 1964

28. Plaintiff repeats each and every allegation set forth herein in preceding paragraphs as though fully set forth herein.

29. The *prima facie* elements of discrimination claims under Title VII are "not onerous."[1]  A plaintiff may make out a *prima facie* case with either circumstantial or direct evidence of discriminatory intent.[2]  Circumstantial evidence is by far the most common.  A plaintiff making out a *prima facie* case of discrimination with circumstantial evidence must 1) identify a protected class, 2) identify an adverse action, 3) show that a) Complainant was qualified for the job and b) that the work still being performed.[3]

30. As to the first element, that she is a member of a protected class:  Ms. Macaluso female which is a protected class.

31. As to the second element, that she suffered an adverse employment action: Ms. Macaluso was demoted from her position as Pharmacy Supervisor.

32. As to the third element, that she is a) qualified for this job: Ms. Macaluso had all of the educational, experiential, and credential requirements of the position and passed the civil service test.  In addition, b) the work of pharmacy supervisor is still being performed today.

33. Further, Defendant DOCS gave preferential treatment to a male employee when it replaced Ms. Macaluso as Pharmacy Supervisor.

---

[1] Texas Dept. of Community Affairs v Burdine, 450 US 248, 253 [1981]
[2] Swierkiewicz v. Sorema N. A., 534 U.S. 506, 511-12, 122 S. Ct. 992, 997, 152 L. Ed. 2d 1 (2002), *citing Trans World Airlines, Inc. v. Thurston,* 469 U.S. 111, 121 (1985).
[3] McDonnell Douglas Corp. v Green, 411 US 792, 802 [1973], *see also Young v. UPS,* 135 S.Ct. 1338 (2015).

## SECOND CAUSE OF ACTION

### § 1983 Violation of Equal Protection

34. Plaintiff repeats each and every allegation set forth herein in preceding paragraphs as though fully set forth herein.

35. In order to establish a violation of §1983 "two-and only two-allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S. Ct. 1920, 1923, 64 L. Ed. 2d 572 (1980)

36. Defendants Neal, Ahern and Shipley are public officers of the State of New York.

37. Defendants Neal and Ahern demoted Ms. Macaluso from her position of Pharmacy Supervisor.

38. Ms. Macaluso Alleged that this demotion was in fact retaliation for her refusal to grant Defendant Neal access to the controlled substances locker and for bringing Defendant Neal's demand to the attention of Ms. Green who was outside of Defendant Neal's chain of command

39. Defendants Neal and Shipley suspended Ms. Macaluso and sought Ms. Macaluso's termination.

40. Ms. Macaluso alleges that the attempt to terminate her was in fact retaliation for her complaints of discrimination, and also for her refusal to grant Defendant Neal access to the controlled substances locker and for bringing Defendant Neal's demand to the attention of Ms. Green who was outside of Defendant Neal's chain of command.

41. As a result of Defendants' actions, Ms. Macaluso experienced loss of income, fear, anxiety, severe humiliation, shame, embarrassment, emotional pain and suffering, loss of savings, and loss of enjoyment of life.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter an Order:

A.     Awarding Plaintiff past lost wages and benefits in an amount to be determined at trial and ordering Defendant to reinstate Plaintiff to the appropriate seniority that she should have had but for Defendant's illegal acts;

B.     Awarding Plaintiff damages for her pain, suffering, loss of enjoyment of life, humiliation, and other injuries in an amount to be determined at trial;

C.     Directing Defendants to pay all unreimbursed medical costs incurred by Plaintiff as a result of the stress and anxiety resulting from the discrimination she suffered and the hostile working conditions she endured, including diagnostic analysis, treatment and therapy, and follow up therapy;

D.     Defendant to pay Plaintiff the costs of this action, together with reasonable attorneys' fees and disbursements;

F.     Plaintiff to have such other and further relief as this Court deems just and equitable.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38(b) Fed. R. Civ. P., Plaintiff hereby demands a trial by jury for all issues triable of right by a jury in this case.

Dated: July 28, 2021

Respectfully submitted,
Plaintiff
By her Attorneys


*s/Lindy Korn, Esq.*
Lindy Korn, Esq.
*Attorney for Plaintiff*
The Law Offices of Lindy Korn
Electric Tower
535 Washington Street, Ninth Floor
Buffalo, New York 14203
Telephone: (716) 856-5676
Facsimile: (716) 507-8475
LKorn@LKorn-law.com

*s/Richard J. Perry, Esq.*
Richard J. Perry, Esq.
*Attorney for Plaintiff*
The Law Offices of Lindy Korn
Electric Tower
535 Washington Street, Ninth Floor
Buffalo, New York 14203
Telephone: (716) 856-5676
Facsimile: (716) 507-8475
RPerry@LKorn-law.com