UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Ann Macaluso,

                PLAINTIFF,

v.

NYS Department of Corrections, Robin Neal,
Deputy Superintendent of Health, John A. Shipley,
Director of Labor Relations, and Kelly Ahern,
Director of Personnel,

                DEFENDANTS.

Civil Action No. 21-CV-865

## NOTICE OF MOTION AND MOTION REQUESTING AN ENLARGEMENT OF TIME TO RESPOND TO DEFENDANTS' MOTION TO DISMISS

| | |
|---|---|
| **NATURE OF ACTION**: | Discrimination/Retaliation |
| **MOVING PARTY**: | Plaintiff |
| **DIRECTED AGAINST**: | Defendant |
| **DATE AND TIME**: | To be scheduled by the Court |
| **PLACE**: | Hon. Lawrence J. Villardo, United States District Court, Western District of New York, 2 Niagara Square, Buffalo, New York |
| **SUPPORTING PAPERS**: | Attached Memorandum of Law opposing Defendants' Motion to Dismiss. |
| **RELIEF REQUESTED**: | Order for enlargement of time to respond to Defendants' Motion to Dismiss. |

**GROUNDS FOR RELIEF REQUESTED**: "Rule 6(b) of the Federal Rules of Civil Procedure permits a court to extend deadlines, even after the time to act has expired, if there is good cause and the party 'failed to act because of excusable neglect.'" [1] The delay occurred because of several reasons. There was a calendaring error within Plaintiff's counsels' office. The attorney in charge of Plaintiff's case has had, within the last three months, serious personal medical issues – one of which was a positive Covid-19 diagnosis – for both himself and his father. The attorney in charge is also in the midst of an escalated custody battle over his children in state court. Consequently, he failed to notice the calendaring omission until the Court brought it to his attention. Realizing the error, counsel immediately began drafting Plaintiff's Response which is attached to this motion and asks that the Court grant an enlargement of time to include today's filing pursuant to Rule 6(b). Respectfully, Defendants cannot be prejudiced by a delay of only one month to respond to their motion papers, nor can that delay significantly impact the judicial proceedings.

---

[1] Cohen v. Bd. of Trs. of the Univ. of the D.C., 422 U.S. App. D.C. 129, 132, 819 F.3d 476, 479 (2016) "Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect is an equitable concept that considers "all relevant circumstances" surrounding the failure to act. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993). Generally, "excusable neglect" does not require counsel to have been faultless, and "inadvertence, mistake, or carelessness" can fall within the rule. *Id.* at 388; 4B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1165 (4th ed. 2015). But counsel typically must have "some reasonable basis" for not meeting a filing deadline. Wright & Miller, *supra*, § 1165. To determine whether the district court permissibly exercised its discretion to find counsel's neglect inexcusable, we consider four factors set forth by the Supreme Court in *Pioneer*: (1) the risk of prejudice to the other side; (2) the length of the delay and the potential impact on judicial proceedings; (3) the reason for the delay and whether it was within counsel's reasonable [***5] control; and (4) whether counsel acted in good faith. *See* 507 U.S. at 395; *Yesudian ex rel. United States v. Howard Univ.*, 270 F.3d 969, 971, 348 U.S. App. D.C. 145 (D.C. Cir. 2001) (applying the four *Pioneer* factors)."

Dated:  January 3, 2022
Respectfully submitted,
Plaintiff Ann Macaluso
by her Attorneys,


<u>s/Lindy Korn, Esq.</u>
Lindy Korn, Esq.
Richard J. Perry, Esq.
The Law Offices of Lindy Korn
Electric Tower
535 Washington Street, Ninth Floor
Buffalo, New York 14203
Telephone: (716) 856-5676
Facsimile: (716) 507-8475
lkorn@lkorn-law.com
rperry@lkorn-law.com