UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

ANN MACALUSO,

        Plaintiff,

     v.                                 21-CV-865-LJV
                                            DECISION & ORDER

NEW YORK STATE DEPARTMENT OF
CORRECTIONS, *et al.*,

        Defendants.

───────────────────────────────

On July 28, 2021, the plaintiff, Ann Macaluso, commenced this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. § 1983. Docket Item 1. Macaluso, a former pharmacy employee at the Wende Correctional Facility ("Wende"), alleged that the defendants, the New York State Department of Corrections and Community Supervision ("DOCCS")[1] and three DOCCS employees, discriminated against her because of her sex and age and unlawfully retaliated against her. *Id.*

The defendants moved to dismiss, Docket Item 10, and this Court granted that motion with respect to Macaluso's official capacity claims for money damages under section 1983. Docket Item 18 at 15. In addition, the Court found that "the remainder of the defendants' motion w[ould] be granted unless Macaluso file[d] an amended complaint correcting the deficiencies noted [in the decision and order]." *Id.* at 1.

---

[1] DOCCS is incorrectly named in the complaint as the "New York State Department of Corrections." *See* Docket Item 1.

Macaluso then filed an amended complaint.  Docket Item 19.  In addition to the claims raised in the original complaint, the amended complaint added a section 1983 claim for violations of Macaluso's right to due process as well as a claim for violations of the New York State Human Rights Law ("NYSHRL").  *Id.* at ¶¶ 41-43, 58-66.  After the defendants again moved to dismiss, Docket Item 20, Macaluso responded, Docket Item 25, and the defendants replied, Docket Item 26.

For the reasons that follow, the defendants' second motion to dismiss is denied with respect to Macaluso's section 1983 due process claim but is otherwise granted.

## **FACTUAL BACKGROUND**[2]

At the time of the events alleged in the amended complaint, Macaluso was an employee in the Wende pharmacy.  Docket Item 19 at ¶¶ 13-29.  In 2018, she "was promoted to the position of Pharmacy Supervisor."  *Id.* at ¶ 14.  Macaluso remained in that position until she was demoted "back to Pharmacist" in January 2019.  *Id.* at ¶ 19.

In September 2018, Robin Neal, the Deputy Superintendent of Health at Wende, "demanded that . . . Macaluso grant . . . Neal and other non-pharmacy officers of [Wende] access to the controlled substance[s] lockers."  *Id.* at ¶ 15.  Macaluso "refused to do this" and instead "informed Deborah Green," the Director of Pharmacy Services at Wende, about "Neal's demand."  *Id.* at ¶¶ 16-17.  Green "reiterated . . . that no non-

---

[2] In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court "accept[s] all factual allegations as true and draw[s] all reasonable inferences in favor of the plaintiff."  *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016).  The following facts are taken from the amended complaint and are accepted as true.

pharmacy personnel are . . . allowed access to the controlled substance[s] locker." *Id.* at ¶ 18.

In January 2019, Neal "directed" Kelly Ahern, the Director of Personnel at Wende, "to notify . . . Macaluso that she was being demoted." *Id.* at ¶ 19. Ahern's "letter offered no details or facts to justify the demotion." *Id.* at ¶ 20. According to Macaluso, however, "her demotion was in retaliation for her refusal to grant . . . Neal access to the controlled substances locker and for bringing [Neal's] demand to the attention of [Green]," who was "outside . . . Neal's chain of command." *Id.* at ¶ 21. "In the alternative," Macaluso states, "her demotion was because of her sex." *Id.* at ¶ 22. Macaluso subsequently "was replaced as Pharmacy Supervisor by a male employee." *Id.* at ¶ 23.

About four months after her demotion, Macaluso "complained to . . . Neal that she was being discriminated against on the basis of her age and gender." *Id.* at ¶ 24. After that complaint, Macaluso "began to be written up for alleged violations of [DOCCS] policies." *Id.* at ¶ 25. This "culminated" in a September 9, 2019, "Notice of Discipline ('NOD') signed by" John Shipley, the Director of Labor Relations for DOCCS, seeking "termination of . . . Macaluso's employment." *Id.* at ¶¶ 26-27.

"Macaluso alleges that the attempt to terminate her was, in fact, retaliation for her complaints of discrimination, for her refusal to grant . . . Neal access to the controlled substance locker, and for bringing . . . Neal's demand to the attention of . . . Green who was outside . . . Neal's chain of command." *Id.* at ¶ 28. "In the alternative, . . . Macaluso alleges that the attempt to terminate her was EITHER retaliation for her complaints of discrimination, OR also for her refusal to grant . . . Neal access to the

controlled substance locker and for bringing . . . Neal's demand to the attention of . . . Green who was outside . . . Neal's chain of command." *Id.* at ¶ 29.

## LEGAL PRINCIPLES

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

## DISCUSSION

**I.    TITLE VII AND EQUAL PROTECTION CLAIMS**

In its prior decision and order, this Court explained that Macaluso's initial complaint failed to state a claim under Title VII or for violations of equal protection under section 1983. *See* Docket Item 18 at 4-6, 8-12. Among other things, the Court noted that the complaint "explicitly allege[d] that [Macaluso's] demotion was motivated not by impermissible sex discrimination but because of her workplace dispute with Neal over access to the controlled substances locker." *Id.* at 6. The Court explained that "while Macaluso's allegation that she was demoted and replaced by a male employee normally would be enough to 'nudge her claim across the line from conceivable to plausible,' Macaluso's other allegations about the circumstances of her demotion nudge that claim

4

right back." *Id.* (internal citation omitted); *see also Jackson v. Marion County*, 66 F.3d 151, 153 (7th Cir. 1995) ("[A] plaintiff can plead [herself] out of court by alleging facts [that] show that [she] has no claim, even though [she] was not required to allege those facts.").

Macaluso does not add any new facts to her amended complaint. Instead, she adds a conclusory allegation that "[i]n the alternative, . . . her demotion was because of her sex." Docket Item 19 at ¶ 22. She also adds "[i]n the alternative, . . . that the attempt to terminate her was EITHER retaliation for her complaints of discrimination, OR also for her refusal to grant . . . Neal access to the controlled substance locker and for bringing . . . Neal's demand to the attention of . . . Green who was outside . . . Neal's chain of command." *Id.* at ¶ 29.

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In other words, allegations—like those Macaluso added to her amended complaint—that "are no more than conclusions[] are not entitled to the assumption of truth." *Id.* at 679.

Because Macaluso has not added any *factual* allegations to her amended complaint, she has done nothing to alter this Court's conclusion that she has pleaded herself out of a Title VII or equal protection claim. *See* Docket Item 18 at 6. As this Court previously explained, "for the purposes of [Rule] 12(b)(6) analysis, [a court] may not consider a particular allegation in isolation; instead [the court] must consider whether the 'factual content' in a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting

5

*Franchino v. Terence Cardinal Cook Health Care Ctr., Inc.*, 692 F. App'x 39, 43 (2d Cir. 2017) (summary order)).

As in *Franchino*, "the allegation that [the plaintiff] was replaced by [an] employee [of the opposite sex] is not enough to make h[er] claim plausible in the particular circumstances of this case." 692 F. App'x at 43. Rather, "[c]onsidering the replacement allegation in light of the rest of the complaint, any suggestion of discriminatory motivation is undercut by the allegations" that her demotion was in retaliation for her refusal to grant Neal access to the controlled substances locker and for bringing Neal's demand to the attention of Green. *See id.* Put another way, reading all of Macaluso's allegations together, she has not shown "more than a sheer possibility that" she was demoted based on her sex. *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).

Macaluso's equal protection claim fares no better. As with her Title VII claim, she has failed to plead any additional facts that would alter this Court's previous conclusion that she failed to state a claim. *See* Docket Item 18 at 8-12.

Therefore, the defendants' second motion to dismiss is granted with respect to Macaluso's Title VII and equal protection claims for the same reasons this Court explained in its prior decision and order.[3] *See id.* at 4-6, 8-12.

---

[3] As noted above, the amended complaint also adds a claim under the NYSHRL. Because, as Macaluso acknowledges, "New York and federal anti-discrimination laws are analytically identical," Docket Item 19 at ¶ 42, Macaluso's NYSHRL claims are dismissed for the same reasons that her Title VII claims are dismissed.

## II.  FIRST AMENDMENT CLAIM

In its prior decision and order, this Court found that Macaluso had failed to state a First Amendment claim because she "spoke as an employee and not as a citizen." Docket Item 18 at 13; *see also Shara v. Maine-Endwell Cent. Sch. Dist.*, 46 F.4th 77, 81 (2d Cir. 2022) (explaining that "the First Amendment protects a public employee's right, in certain circumstances, to speak *as a citizen addressing matters of public concern*" (quoting *Garcetti v. Ceballos*, 547 U.S. 410, 417 (2006)); *Montero v. City of Yonkers*, 890 F.3d 386, 397-98 (2d Cir. 2018) (explaining that "[t]he critical question [to determine whether a public employee is speaking as a citizen] is whether the speech at issue is itself ordinarily within the scope of an employee's duties").  Nothing in Macaluso's amended complaint alters this Court's conclusion.  Accordingly, Macaluso's First Amendment claim is dismissed.

## III.  DUE PROCESS CLAIM

Macaluso's amended complaint adds a claim for a violation of due process under section 1983.  Docket Item 19 at ¶¶ 58-66.  More specifically, she claims that she was "deprived of her right to due process based on . . . Neal['s] and Ahern's failure to explain the reason for their decision to demote her."  *Id.* at ¶ 65.

The Second Circuit has held "that the Fourteenth Amendment protects a property interest in a particular position or rank." *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 318 (2d Cir. 2002); *see also id.* at 321 (concluding that "the Constitution require[d] a pre-demotion hearing").  Here, Macaluso alleges that she was notified that she was being "demoted from that position of Pharmacy Supervisor back to Pharmacist" in a "letter [that] offered no details or facts to justify the demotion."  Docket Item 19 at ¶¶ 19-

7

20. Thus, it appears from the amended complaint that Macaluso was deprived of a property interest "without notice or an opportunity to be heard." *Ciambriello*, 292 F.3d at 319.

The defendants argue that Macaluso "concedes that some type of process was afforded to her pursuant to DOCCS directives when she was issued a [NOD]." Docket Item 20-1 at 18. But according to the amended complaint, Macaluso was demoted in January 2019 and did not receive the NOD—which sought her *termination*—until the following September. Docket Item 19 at ¶ 26. The amended complaint does not describe any notice or opportunity to be heard with respect to the *demotion*.

Of course, the facts developed in discovery may demonstrate otherwise. But for now, Macaluso has plausibly alleged that she was deprived of a property interest without due process when she was demoted.

## **CONCLUSION**

For the reasons stated above, the defendants' second motion to dismiss, Docket Item 20, is GRANTED IN PART and DENIED IN PART. More specifically, that motion is denied with respect to Macaluso's Fourth Cause of Action for a violation of due process but is otherwise granted. The remaining causes of action are dismissed.

SO ORDERED.

Dated:  March 12, 2024
        Buffalo, New York

                                                                  */s/ Lawrence J. Vilardo*
                                                                  LAWRENCE J. VILARDO
                                                                  UNITED STATES DISTRICT JUDGE